IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00351-WYD-PAC

JAMES WRIGHT,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation,

    Defendant.

**ORDER**

THIS MATTER comes before the Court on Defendant's motion to dismiss filed March 31, 2006.  Defendant moves to dismiss Plaintiff's first claim to the extent that it asserts a claim for breach of contract, Plaintiff's second claim for "Industrial Bad Faith," and Plaintiff's third claim for violation of the Colorado Consumer Protection Act..

For the reasons stated below, I grant Defendant's motion in part and deny it in part.  Plaintiff's first claim is dismissed in part insofar as it asserts a breach of contract claim and Plaintiff's second claim is dismissed in its entirety.  I deny Defendant's motion to dismiss as to the portion of the first claim that asserts a bad faith breach of insurance contract and as to Plaintiff's third claim under the Colorado Consumer Protection Act.

I.    FACTUAL BACKGROUND

As stated in the Complaint, on December 23, 2003, Plaintiff James Wright was employed by Navajo Trucking Company ("Navajo Trucking") as a truck driver.  Compl.

¶ 4.  During this time, Defendant Liberty Mutual Insurance Company provided Navajo Trucking with a Workers' Compensation Insurance Policy ("Policy").  *Id.* ¶ 12.  The Policy was issued in Colorado and was governed by the Worker's Compensation Act of Colorado.  *Id.* ¶ 7.  The Policy covered all of Navajo Trucking's employees, including Plaintiff.  *Id.*

On December 23, 2003, while in the course and scope of his employment with Navajo Trucking, Plaintiff fell from the bumper of a truck and seriously injured his neck and right shoulder.  *Id.* ¶ 11.  Plaintiff was, and is, covered by the Policy, and his workers' compensation claims have been adjusted pursuant to the Workers' Compensation Act of Colorado.  *Id.* ¶ 8.  Plaintiff sought and received medical treatment from Dr. Murphy.  *Id.* ¶13.  On January 13, 2004, Dr. Murphy diagnosed Plaintiff's medical condition and recommended Plaintiff undergo surgery for cervical spine injuries.  *Id.* ¶ 15.  Dr. Murphy notified Defendant about his recommendation for surgery. *Id.*  On January 14, 2004, Dr. Will Gaines, employed by Defendant, disregarded Dr. Murphy's recommendation for surgery and instead recommended conservative management and pain control for Plaintiff's injuries.  *Id.* ¶ 17.

Plaintiff alleges that pursuant to the Colorado Workers' Compensation Rules and Procedure, Defendant was required to contact Plaintiff and Dr. Murphy within seven business days of Dr. Murphy's request for authorization.  *Id.* ¶ 18.  This communication was to contain an explanation of the basis for denial of treatment as well as other information necessary for Defendant to reconsider its denial.  *Id.*  Defendant failed to provide the written communication to Plaintiff.  *Id.* ¶ 19.  On multiple

occasions in January and February of 2004, Dr. Murphy documented Plaintiff's worsening condition, notified Defendant of Plaintiff's condition, and continued to recommend surgical treatment. *Id.* ¶¶ 20-21. Defendant did not respond to Dr. Murphy's recommendations and refused to authorize surgery until April, 2004. *Id.* ¶ 22. After Dr. Gaines' initial review of Plaintiff's medical records, it is alleged that neither Dr. Gaines nor any other physician reviewed the medical records. *Id.* ¶ 23. Plaintiff's workers' compensation claim was assigned to Sherry Martin, one of Defendant's claim adjusters. *Id.* ¶ 24. After the initial review by Dr. Gaines, Sherry Martin did not follow up to determine if Plaintiff's condition had worsened or to reconsider approving the surgical treatment. *Id.* ¶ 26.

As a result of Defendant's delay in authorizing surgery, Plaintiff alleges that he has sustained permanent injuries including neck pain, chronic headaches, dizziness and vertigo, sensory and motor deficits in both his right and left arms, brachioradialis injures to his left shoulder, and depression. *Id.* ¶ 29. Because of these injuries, Plaintiff asserts that he will never be able to return to work as a truck driver. *Id.* ¶ 30.

II.     ANALYSIS

    A.     Standard of Review

Defendant moves to dismiss under FED. R. CIV. P. 12(b)(1) and (6). A motion to dismiss should be granted if, accepting all well-pleaded allegations as true and drawing all reasonable inferences in favor of the plaintiff, it appears beyond doubt that no set of facts entitle the plaintiff to relief. *See Tri-Crown, Inc. v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).

B. <u>Whether Dismissal is Proper as to Plaintiff's First Claim for Relief</u>

I first address whether the breach of contract portion of Plaintiff's first claim should be dismissed because the Colorado Workers' Compensation Act provides the exclusive remedy for this type of breach of contract claim. I find that dismissal is proper as to the breach of contract claim. The Colorado Workers' Compensation Act provides a comprehensive and exclusive remedy for breach of contract injuries arising out of workers' compensation claims.

The Colorado Court of Appeals addressed this issue in *McKelvy v. Liberty Mutual Insurance Co.*, 983 P.2d 42 (Colo. Ct. App. 1998). In *McKelvy*, an employee claiming to have been injured in the course and scope of his employment filed suit against Liberty Mutual seeking damages for breach of contract, bad faith breach of insurance contract, and intentional infliction of emotional distress. *Id.* at 43. In his breach of contract claim, the plaintiff alleged that the defendant had failed to perform on its obligation to provide his workers' compensation benefits. *Id.* The court noted that the breach of contract "claim falls squarely within the remedies provided under the Act." *Id.* The court went on to affirm the trial court's dismissal of the breach of contract claim, stating that "[s]ince the act provides a comprehensive and exclusive remedy for plaintiff's asserted breach of contract injuries, the trial court correctly determined that it lacked jurisdiction over this claim." *Id.* at 44.

It is clear from *McKelvy* that the claim for breach of the terms of a workers' compensation insurance policy is not a claim which this Court has jurisdiction to consider. *Id.* Accordingly, that portion of the first claim is dismissed.

However, I find that the portion of Plaintiff's first claim relating to a bad faith breach of insurance contract is not within the remedies covered by the Colorado Workers' Compensation Act. *See id.* at 43. The Colorado Supreme Court has held that the Colorado Workers' Compensation Act "does not abrogate the common law tort of bad faith breach of insurance contract." *Vaughan v. McMinn*, 945 P.2d 404, 406 (Colo. 1997). Accordingly, the motion to dismiss is denied as to portion of the first claim that asserts a bad faith breach of insurance contract.

      C.     <u>Whether Dismissal is Proper as to Plaintiff's Second Claim for Relief</u>

I next address the viability of Plaintiff's second claim for "Industrial Bad Faith." Defendant asserts that no cause of action for "Industrial Bad Faith" exists. Defendant also argues this claim cannot be one for bad faith breach of insurance contract because it fails to allege the necessary elements. Plaintiff contends this claim is not for "Industrial Bad Faith," but rather is a second bad faith breach of insurance contract claim.

I find dismissal is proper as to the "Industrial Bad Faith" claim. After searching case law in Colorado as well as other jurisdictions, I did not find a single case that references "Industrial Bad Faith," or recognizes such a cause of action. Accordingly, Plaintiff's second claim for relief is dismissed.

      D.     <u>Whether Dismissal is Proper as to Plaintiff's Third Claim for Relief</u>

Finally, I address whether dismissal is proper as to Plaintiff's claim under the Colorado Consumer Protection Act ("CCPA"). In *Hall v. Walter,* 969 P.2d 224 (Colo. 1998), the Supreme Court of Colorado discussed the five elements necessary to

maintain a private cause of action under the CCPA.  The Court found that in order to maintain a cause of action a plaintiff must establish "(1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the challenged practice occurred in the course of defendant's business, vocation, or occupation; (3) that it significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property; (4) that the plaintiff suffered injury in fact to a legally protected interest; and (5) that the challenged practice caused the plaintiff's injury."  *Id.* at 235.

Defendant argues that Plaintiff failed to allege factual allegations showing the causation element.  According to Defendant, neither Plaintiff nor his employer Navajo "received, relied or acted upon any of Defendant's alleged representations in any way."  Def.'s Mot. Dismiss at 8.  Further, Defendant contends that Plaintiff did not allege that any of Defendant's statements violated the CCPA.

Accepting as true the allegations of the complaint as I must for purposes of this motion, I find that Plaintiff has alleged sufficient facts in the complaint to withstand dismissal.  "Pleadings are to be liberally construed and if there is any possibility of recovery the case should not be dismissed."  *Gas-A-Car, Inc. v. American Petrofina, Inc.*, 484 F.2d 1102, 1107 (10th Cir. 1973).  Plaintiff alleges that he "has been and continues to be a consumer" of Defendant's services, that Defendant "made false and deceptive statements to the public and consumers about the quality of its services, its claims handling practices and priorities," that "Defendant Liberty Mutual's pattern and practices, as demonstrated in this case, offloaded the economic burden of injured workers on the disabled injured worker" and "[a]s a direct result, Plaintiff Wright

suffered the injuries and damages set forth herein." Compl. ¶¶ 54, 56, 57, 58. These allegations, though not very specific in nature, do show causation and facially satisfy the other elements of a CCPA claim.

III.     CONCLUSION

Based on the foregoing it is

ORDERED that Defendant's Motion to Dismiss filed March 31, 2006, is **GRANTED IN PART AND DENIED IN PART.** Specifically, the motion to dismiss is granted as to the portion of the first claim that asserts breach of contract and as to the second claim asserting "Industrial Bad Faith". The motion to dismiss is denied as to the portion of Plaintiff's first claim that asserts bad faith and Plaintiff's third claim under the CCPA.

Dated:  August 15, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge