IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-00351-WYD-KLM

JAMES WRIGHT,

     Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation,

     Defendant.

---

**ORDER**

---

I.     <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Liberty Mutual's Motion for

Summary Judgment.  Defendant seeks summary judgment on Plaintiff's bad faith claim

arising from the way Defendant handled Plaintiff's workers' compensation claim.[1]

Plaintiff's Response was filed July 27, 2007, and a Reply was filed August 10, 2007.

Supplemental authority was also provided and briefed by the parties.  For the reasons

stated below, Defendant Liberty Mutual's Motion for Summary Judgment is denied.

II.     <u>ANALYSIS</u>

Summary judgment may be granted where "the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and the ... moving party is entitled to

---

[1] Plaintiff's claim of breach of contract and the second claim for "Industrial Bad Faith" were dismissed by Order of August 15, 2006.  Plaintiff was permitted to withdraw the third claim under the Colorado Consumer Protection Act by Order of August 13, 2007.

judgment as a matter of law." FED. R. CIV. P. 56(c).  The burden of showing that no

genuine issue of material fact exists is borne by the moving party.  *E.E.O.C. v. Horizon/*

*MS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  In reviewing a summary

judgment motion, the court must view the evidence in the light most favorable to the

nonmoving party.  *Anaya v. Crossroads Managed Care Systems, Inc.*, 195 F.3d 584,

590 (10th Cir. 1999).  All doubts must be resolved in favor of the existence of triable

issues of fact.  *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

Defendant seeks summary judgment on the bad faith claim on the basis that

Plaintiff's claim is barred by the applicable two-year statute of limitations.  More

specifically, it is argued that Plaintiff's bad faith claim is predicated on Defendant's

decision in January 2004 to deny authorization of a cervical spine surgery that had

been recommended by his treating physician, Dr. Richard Murphy.  Defendant argues

that the undisputed facts in this case confirm that this alleged act of bad faith occurred

more than two years prior to the filing of Plaintiff's Complaint (on February 28, 2006)

and that Plaintiff knew of his injuries at that point.  Accordingly, Defendant argues that

this case is time-barred.

Turning to my analysis, both parties agree that the bad faith claim at issue in this

case is subject to the two-year statute of limitations set forth in Colo. Rev. Stat. § 13-

80-102.  *See Brodeur v. American Home Assur. Co.*, 169 P.3d 139, 146 (Colo. 2007);

*Harmon v. Fred S. James & Co. of Colorado, Inc.*, 889 P.2d 258, 261-62 (Colo. Ct.

App. 1994).  "Pursuant to Colorado's discovery rule, a cause of action for a bad faith

tort claim accrues 'on the date both the injury and its cause are known or should have

been known by the exercise of reasonable diligence.'"  *Brodeur*, 169 P.3d at 147

(quoting § 13-80-108(1), C.R.S. (2007)).  Thus, Plaintiff's bad faith tort claims accrued

when he "knew or should have known, respectively: (1) of [his] injury, and (2) of the

cause of [his] injury.  *Id.*

Defendant argues that *Brodeur* is dispositive based on the fact that it found that

the insurance company's "unreasonable denial or delay of medical benefits ('the cause

of the injury') resulted in Brodeur's not receiving the . . . treatment and back surgery in

a timely manner ('the injury'")).  Applying that rationale to this case, Defendant asserts

that its denial of the back surgery (the cause of the injury) resulted in the failure to

receive the back surgery (the injury) and that both of these facts were known in January

2004, more than two years before the filing of the complaint.

I do not read *Brodeur* or the other cases relied on by Defendant quite so

narrowly.  *Brodeur* did not actually find that the claim accrued when the back surgery

was denied.  Instead, it found that the claim accrued when the plaintiff knew of the fact

that he had a bad faith claim based on this denial—in that case, the claim accrued

when Brodeur's attorney stated that the claim was being handled in bad faith.  *Brodeur*,

169 P.3d at 146, 148.  Indeed, *Brodeur* noted that "[e]ven once the elements necessary

for accrual are clear, it can be difficult to prove exactly when a plaintiff knew or should

have know of both the injury and its cause pursuant to section 13-80-108(1).  *Id.* at 148.

In the case at hand, I find that there are genuine issues of material fact about

when Plaintiff knew of the injury that preclude the granting of summary judgment.

While Plaintiff clearly knew in January 2004 that his recommended treatment, *i.e.*,

back surgery, had been denied by Defendant, it is disputed as to when Plaintiff knew

he had an injury and thus a bad faith claim based on same.  Indeed, Plaintiff alleges

that he thought the surgery, once authorized and performed in April 2004, had resolved

his complaints.  He did not find out until later (sometime after April 2004 and within the

two year statute of limitations) that the delay of the back surgery from January to April

2004 had caused him injuries.

Based on the foregoing, it is arguable that he did not know until that time that he

had a bad faith claim, *i.e.*, that he was injured from denial of the surgery in January

2004.  *See Daugherty v. Allstate Ins. Co.*, 55 P.3d 224, 228 (Colo. Ct. App. 2002)

(finding that Allstate's duty to defend arose at the latest when plaintiff was named in an

action, as at that time "plaintiff knew the nature and extent of whatever injury he

suffered as a result of the alleged bad faith conduct of Allstate in refusing to defend

him").  This is an issue of fact for the jury.  *See Winkler v. Rocky Mountain Conference

of the United Methodist Church*, 923 P.2d 152, 158 (Colo. Ct. App. 1995) (the time

when a plaintiff discovered or should have discovered the conduct at issue is normally

a question of fact which must be resolved by the jury).[2]

---

[2] Defendant also relies on *Dove v. Delgado*, 808 P.2d 1270 (Colo. 1991) in support of its argument.  Again, that argument is misplaced.  In *Dove*, the plaintiff's action was found to have accrued within two years of her car accident regardless of the fact that she had uncertainty as to the full extent of her damages.  *Id.* at 1273.  The Colorado Supreme Court noted that this was different than a situation where the party was unable to ascertain whether they had *any* damage.  *Id.*  Here, the issue is not that Plaintiff failed to appreciate the full extent of his damages in January 2004.  Instead, the issue is whether Plaintiff knew he had *any* injury from the denial of authorization of his back injury at that time.  Absent such knowledge, it is questionable whether his cause of action could have begun accruing for purposes of the statute of limitations.

Finally, I note that Plaintiff's bad faith claim alleges continuing conduct of

Defendant which may fall within the statute of limitations.  Plaintiff's response asserts

that such conduct includes the delay of surgery from January to April of 2004.  This

also would preclude the granting of summary judgment.

III.     CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Motion for Summary Judgment is **DENIED**.

Dated:  November 16, 2007

                                                        BY THE COURT:

                                                        s/ Wiley Y. Daniel
                                                        Wiley Y. Daniel
                                                        U. S. District Judge