IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00351-WYD-KLM

JAMES WRIGHT,

    Plaintiff(s),

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts Corporation,

    Defendant(s).
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Trial Preservation Deposition: Sherry Martin** [Docket No. 182, Filed June 19, 2009] (the "Motion"). Defendant filed a Response in opposition to the Motion on July 6, 2009 [Docket No. 184], and Plaintiff filed a Reply on July 21, 2009 [Docket No. 185].  The Motion has been fully briefed and is ripe for resolution.

As a preliminary matter, the Motion and Reply, which are not double spaced, do not comply with D.C. Colo. L. Civ. R. 10.1(E) and are subject to denial on this basis alone. Nevertheless, the Court resolves the Motion on the merits.  However, future motions which do not comply will be denied.

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

This case involves an injury suffered by Plaintiff in 2003 while in the employ of the Navajo Trucking Company.  *Complaint* [#1] at 1.  Plaintiff sought reimbursement for his

injuries from Defendant who provided worker's compensation insurance to Navajo.  *Id.* at 2.  Plaintiff's claim was assigned to Sherry Martin, a claim adjuster for Defendant.  *Id.* at 4.  Although Plaintiff's medical provider recommended that Plaintiff receive surgery for his injury, Defendant's medical provider disregarded the recommendation and determined that conservative management and pain control of Plaintiff's injuries were all that were required.  *Id.* at 3.  Plaintiff alleges that Defendant was contractually required to contact Plaintiff and his medical provider to provide an explanation for its denial of the recommended medical treatment.  *Id.* at 3-4.  Plaintiff also alleges that Defendant and Ms. Martin ignored supplemental medical documentation that his condition was worsening and unreasonably refused to timely reconsider approving surgical treatment.  *Id.* at 4-5.  As a result, Plaintiff contends that he suffered permanent injuries.  *Id.*

In May and June 2007, Plaintiff conducted two depositions of Ms. Martin totaling more than seven hours.  In August 2007, shortly after the completion of Ms. Martin's discovery depositions, she resigned her employment with Defendant and moved out of state.  In November 2008, Plaintiff's counsel made a detailed designation of Ms. Martin's video-taped testimony for use at trial.  Now, two years after Plaintiff deposed Ms. Martin, Plaintiff seeks to take a trial preservation deposition of her.  Plaintiff contends that "Ms. Martin's deposition is too long to be useful at trial and cannot be successfully edited."  *Motion* [#182] at 1.  In his Reply, Plaintiff qualifies his earlier statement and notes only that "[i]t is doubtful that editing of the discovery deposition will result in effective presentation of Ms. Martin's testimony."  *Reply* [#185] at 1-2.

In its Response to the Motion, Defendant contends that while preservation depositions are a common practice when a witness is unavailable to testify, Plaintiff's

2

request to take a preservation deposition of Ms. Martin should be denied. *Response* [#184] at 1. First, Defendant argues that Ms. Martin has already been deposed twice and a video-taped record exists of her testimony. *Id.* at 2. Second, Plaintiff has already created a detailed designation of that testimony for use at trial. *Id.* at 2-3. Third, Ms. Martin has not been employed by Defendant since August 2007, has not had access to information or materials that were the subject of her depositions since that time, and would be questioned regarding events that occurred in 2003 and 2004. *Id.* As such, Defendant argues that "it is doubtful (at best) that the parties would be able to take a trial examination that would yield anywhere near the amount or quality of information that is already available . . . ." *Id.* at 3.

In his Reply, Plaintiff counters that Ms. Martin can be provided access to Defendant's files and her earlier deposition transcripts to prepare her in advance of her third deposition. *Reply* [#185] at 2. Plaintiff also argues that he would have been able to take a trial preservation deposition at the time of Ms. Martin's earlier depositions if he had been aware that she would be unavailable at trial. *Id.* The Court notes that neither party has directed the Court to any law or rule governing my decision. As is frequently the case when resolving issues presented to me, I am guided by whether either party would be unduly burdened or prejudiced by my decision.

On balance, and considering the parties' arguments noted above and additional arguments addressed in their pleadings, I do not find that a preservation deposition is warranted. Plaintiff has already conducted two depositions of Ms. Martin, both of which were video taped. Plaintiff has also designated the relevant portions of those depositions for use at trial. Plaintiff has been aware for two years: (1) that Ms. Martin would be

unavailable at trial and (2) the state of her existing testimony. He has not adequately explained why he did not seek a preservation deposition of Ms. Martin earlier when her memory of the relevant events and information about which she previously testified would be fresher. I credit Defendant's assertion that it is unreasonable to expect that a third deposition, more than two years later, would produce helpful or reliable testimony for Plaintiff's use. Despite Plaintiff's contention that Ms. Martin could become familiar again with relevant documents and information, I do not find that the burden or inconvenience caused to her or Defendant is justified. I distinguish this case from a case where a party does not already have access to the testimony or information he seeks to obtain through a preservation deposition. *See, e.g.*, *Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 354-56 (D. Colo. 2001). Nor do I find that this ruling results in the unnecessary exclusion of evidence. *See, e.g.*, *Summers v. Mo. Pac. RR Sys.*, 132 F.3d 599, 604 (10th Cir. 1997). Simply, Plaintiff has what he needs for purposes of presenting Ms. Martin's testimony at trial, and must make use of that information to the best of his ability. I ascertain no prejudice to Plaintiff. Accordingly, because of the lack of prejudice to Plaintiff and corresponding burden to Defendant, the Motion is **DENIED**.

Dated: July 27, 2009

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge