IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number 06-cv-351-RJC-KLM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

Defendant filed a Motion to Strike Plaintiff's November 4, 2008, motions,[*] contending that they were filed out of time and should therefore not be considered by the Court. According to Defendant, the deadline for submitting motions in limine was April 4, 2008. Plaintiff did not file any such motions by that deadline. Instead, he filed a Motion for Continuance on April 28, 2008, seeking to vacate the trial date set for June 2, 2008. Because the motions were filed six months after the court-imposed deadline, Defendant requests that they be stricken.

Under the Federal Rules of Civil Procedure, courts may extend deadlines upon a showing of good cause. Fed. R. Civ. P. 6(b). Once a deadline has passed, a court may grant an extension where a party failed to act as a result of excusable neglect. Id. at (b)(1)(B). According to the Supreme Court, this language indicates that "courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.

---

[*] During the recent status conference with the parties, they informed the Court that they understood that the Court previously ruled on this motion during a prior conference. After examining all of the Orders issued in this case, however, the Court is unable to ascertain whether this in fact occurred and, out of an abundance of caution, decided to issue a ruling.

P'ship, 507 U.S. 380, 388 (1993). To determine whether such neglect is excusable, courts should consider all relevant circumstances surrounding the failure, including: "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395.

The parties have offered very little information regarding the circumstances of Plaintiff's failure to timely file the three disputed motions. However, because the trial date has repeatedly been extended, with the new date set for November 2, 2009, the Court finds that neither Defendant nor the proceedings themselves will be prejudiced should the Court consider the untimely motions. They were all filed on November 4, 2008, nearly a year before the trial is scheduled to begin. Defendant had ample time to respond to each motion, and the Court has ample time to consider them and issue rulings enough in advance of trial for the parties to adequately prepare.

Accordingly, Defendant's Motion to Strike Plaintiff's November 4, 2008 Motions (Dkt. No. 161) is DENIED.

IT IS SO ORDERED this 22nd day of September, 2009.

ROBIN J. CAUTHRON
United States District Judge