IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number 06-cv-351-RJC-KLM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE | ) |
| CO., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

Plaintiff filed the present motion requesting that the Court bar the testimony of Dr. Stephen Moe, Dr. Lawrence Lesnak, and Dr. Michael Janssen, all of whom Defendant listed as expert witnesses.

## A. Dr. Stephen Moe

*1. Timeliness of Designation and Disclosure of Expert Report*

According to Plaintiff, although Defendant timely listed Dr. Stephen Moe as an expert witness on December 1, 2006, Defendant did not provide Dr. Moe's expert report, dated October 15, 2008, until October 23, 2008. Defendant argues that Dr. Moe was retained in connection with Plaintiff's workers' compensation claim rather than the present action and, therefore, the Federal Rules did not require that an expert report be provided at the time of his designation. Dr. Moe was originally scheduled to conduct an independent psychiatric medical examination of Plaintiff on November 20, 2006, but Plaintiff's attorney insisted that another psychiatrist accompany Plaintiff to this examination, so it was rescheduled to January

8, 2007. Had the exam proceeded as originally scheduled, Plaintiff would have received Dr. Moe's expert report on December 1, 2006.

According to Defendant, it sent a copy of Dr. Moe's original expert report, dated January 12, 2007, on January 22, 2007. Plaintiff served seven supplemental expert disclosures from November 9, 2006, until September 26, 2008. The last supplemental disclosure included a new report from Plaintiff's expert, Dr. Machanic, dated August 8, 2008. Defendant therefore requested that Dr. Moe provide a supplemental report addressing the issues raised in the later reports provided by Plaintiff. This supplemental report was dated October 15, 2008.

Defendant argues that there was nothing deficient in the disclosure of Dr. Moe and his expert report. If there were, however, Defendant contends that its actions were justified because Plaintiff's counsel delayed the original exam and proceeded to supplement expert disclosures seven times. Additionally, Defendant argues that Plaintiff had ample opportunity to rebut Dr. Moe's opinions because his own expert, Dr. Pock, attended Plaintiff's examination and is prepared to testify concerning his observations about what occurred.

The Court finds that Dr. Moe's testimony will not be excluded on the basis of the untimely disclosure of his expert report. Initially, the Court notes that the Federal Rules contemplate that parties will provide expert reports where the expert is "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Defendant's designation of Dr. Moe indicates that he was retained to examine Plaintiff in connection with his workers' compensation claim. In fact, his workers' compensation attorney scheduled Dr.

Moe's original meeting with Plaintiff. Because it appears that the independent medical examination was intended to be used in the related workers' compensation proceeding, the Court finds that Dr. Moe's expert report was provided in a timely manner.

Even if it were not timely, Dr. Moe's October 15, 2008, supplemental report was in response to the supplemental reports of Plaintiff's experts. After Dr. Moe's first report was provided to Plaintiff,[1] the following expert reports were provided to Defendant: Dr. Murphy's report regarding his treatment of Plaintiff's condition, including the cervical spine fusion surgery; Dr. Pock's notes taken during Dr. Moe's independent medical examination of Plaintiff; Dr. Machanic's fourth expert report, which stated that he reviewed the reports provided by Dr. Moe and Dr. Lesnak and that Plaintiff's condition was continuing to worsen; Dr. Orgel's second report, discussing the reports provided by Dr. Moe and Dr. Lesnak and assigning impairment ratings for Plaintiff's current condition; Dr. Machanic's fifth expert report, discussing an EMG/NCV test that he conducted on Plaintiff; Dr. Machanic's sixth expert report, discussing Plaintiff's current condition and reported symptoms; and Dr. Orgel's third expert report, summarizing the independent medical examination he conducted in August 2008.

---

[1] While Plaintiff asserts that Defendant did not supplement its expert disclosures to provide a single report by Dr. Moe until October 23, 2008, the Court finds ample evidence in the documents before it to indicate that Plaintiff in fact received Dr. Moe's January 12, 2007, report. Defendant submitted the letter that it sent to Plaintiff along with the report, and two of Plaintiff's experts, Dr. Machanic and Dr. Orgel, state in their reports that they reviewed Dr. Moe's original report. Accordingly, the Court places no weight on Plaintiff's assertions to the contrary.

All of Plaintiff's experts intend to testify at trial about the matters contained within these supplemental reports. These supplemental reports appear to provide new information and/or opinions regarding Plaintiff's condition and treatment. According to the Tenth Circuit, a court's refusal to permit an expert to supplement an original report in response to comments or opinions proffered by opposing experts regarding flaws in reasoning or methodology could constitute an abuse of discretion. Miller v. Pfizer, Inc., 356 F.3d 1326, 1332 (10th Cir. 2004). The Court finds, therefore, that it is appropriate to permit Dr. Moe to submit a supplemental report responding to such assertions or discussing why the additional information further supports his original assessment of Plaintiff's condition. Accordingly, the Court will not preclude Dr. Moe from testifying consistent with the information contained in his supplemental report on the basis of untimely disclosure.

2. *Plaintiff's Rule 702 Challenge*[2]

Although Plaintiff does not challenge Dr. Moe's qualifications, he contends that his testimony should be excluded because Dr. Moe has not conducted a physical examination of Plaintiff and did not use reliable principles or methodology in reaching his opinions. Instead, he summarized medical records regarding Plaintiff's condition that were created by a number of other medical providers and examining physicians, all of which Plaintiff contends constitute inadmissible hearsay.

---

[2] Defendant asserts that Plaintiff's Rule 702 challenge is limited to the opinions expressed in Dr. Moe's supplemental report dated October 15, 2008. The Court agrees. Because neither party has presented the Court with a copy of Dr. Moe's original report, dated January 12, 2007, the Court clearly cannot assess the reliability of any opinions set forth therein.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Courts must act as gatekeepers to ensure that all expert testimony admitted at trial is both relevant and reliable. Dodge v. Cotter Corp., 328 F.3d 1212, 1221 (10th Cir. 2003). The proponent of an expert bears the burden of demonstrating that the requisite admissibility requirements are met by a preponderance of the evidence. Fed. R. Evid. 702 advisory committee's note.

This gatekeeping role necessitates a two-part inquiry. Norris v. Baxter Healthcare Corp., 397 F.3d 878, 883 (10th Cir. 2005). First, courts must "determine if the expert's proffered testimony . . . has 'a reliable basis in the knowledge and experience of his [or her] discipline.'" Id. at 883-84 (quoting Bitler v. A.O. Smith Corp., 391 F.3d 1114, 1120 (10th Cir. 2004)). At this stage of the analysis, courts must conduct a preliminary inquiry into the expert's qualifications and the admissibility of the proffered evidence. Bitler, 391 F.3d at 1120. This entails an examination of "'whether the reasoning or methodology underlying the testimony is scientifically valid.'" Id. (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993)). Second, courts must "inquire into whether proposed testimony is sufficiently 'relevant to the task at hand.'" Norris, 397 F.3d at 884 (quoting Daubert, 509 U.S. at 597) (footnote omitted). Here courts examine whether the proposed

testimony is logically related to a material issue and whether it would aid the trier of fact. Id. at n.2; Bitler, 391 F.3d at 1121.

To assess the reliability of proffered expert testimony, courts should consider, among other factors, "(1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community." Dodge, 328 F.3d at 1222. Rather than assessing the reliability of an expert's conclusions, courts should instead focus on the methodology and reasoning employed. Id.

The Court finds that Dr. Moe will be permitted to testify as to the opinions expressed in his October 15, 2008, report. In forming his opinions, Dr. Moe conducted an in-person examination of Plaintiff in 2007. He also examined Plaintiff's medical records relating to his injury, concentrating on the symptoms that Plaintiff reported to his various doctors as well as whether any physical condition was determined to be the cause of those symptoms. Dr. Moe also watched a surveillance videotape of Plaintiff that appears to have been taken in conjunction with his parallel workers' compensation proceeding. Based on all of this information, Dr. Moe reached the conclusion that, in his opinion, Plaintiff's symptoms appeared to be the result of unconscious psychological factors and/or intentional exaggeration. Dr. Moe is certainly qualified to opine on this topic, and the Court finds that

his methodology is reliable. Accordingly, Plaintiff's motion will be denied with respect to Dr. Moe's testimony.

**2. Dr. Lawrence Lesnak**

According to Plaintiff, Defendant was required to designate its expert witnesses by December 1, 2006. Dr. Lesnak, who was identified as a non-retained expert witness, was not designated until April 9, 2007. Plaintiff contends that Dr. Lesnak's report indicates that he was in fact retained specifically to testify in this matter. Because his disclosure was untimely, Plaintiff therefore requests that the Court exclude his testimony from trial.

Defendant contends that Dr. Lesnak was retained in connection with Plaintiff's workers' compensation action and that he was endorsed as an expert solely to rebut the expert opinions belatedly endorsed by Plaintiff. According to Defendant, Plaintiff cannot claim that he is prejudiced by such testimony because it was disclosed in a timely manner. Further, Defendant contends that its decision to introduce Dr. Lesnak's testimony will depend upon the extent of expert testimony introduced by Plaintiff during his case in chief, and therefore it may be appropriate to defer any determination regarding its admissibility.

Pursuant to the Federal Rules of Civil Procedure, a party that fails to identify a witness as required is not allowed to use that information or witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court finds that the failure to designate Dr. Lesnak as an expert witness before the deadline set forth in the scheduling order is harmless, and therefore his testimony will not be stricken. While Dr. Lesnak's testimony was disclosed four months after the court-imposed deadline, it still

7

occurred more than two years before the trial. In addition, one of Plaintiff's expert witnesses, Dr. Machanic, mentions in his fourth expert report that he reviewed Dr. Lesnak's independent medical examination of Plaintff. Although Dr. Machanic did not provide specific criticisms of Dr. Lesnak's methodology or opinions, it is clear that he could have done so at that time or in one of his later supplemental reports. Because the Court finds that Defendant's failure to timely identify Dr. Lesnak as an expert witness is harmless, Plaintiff's motion to exclude his testimony will be denied.

### 3. Dr. Michael Janssen

Plaintiff contends that Defendant is offering Dr. Janssen's opinions in order to justify its denial of the January 8, 2004, request for authorization for cervical spine fusion. Because Dr. Janssen's opinions were not rendered until 2007, however, Plaintiff argues that Defendant did not in fact rely upon those opinions in making its decision to deny the procedure. Because Defendant's decision to deny benefits must be evaluated based upon the information before it at the time, Plaintiff argues that Dr. Janssen's opinions should be excluded. Defendant, however, argues that Dr. Janssen's testimony is offered to rebut Plaintiff's argument that Defendant acted unreasonably in denying Plaintiff's surgery in 2004, and accordingly it should be admitted.

Plaintiff's argument appears to be based on the relevance of the proffered testimony. The Court finds that such testimony is clearly relevant to a material issue involved in this case, and therefore it will not be excluded. Plaintiff's prima facie case includes demonstrating that Defendant acted unreasonably in denying his request for surgery in 2004.

Fincher ex rel. Fincher v. Prudential Prop. & Cas. Ins. Co., No. 00-cv-2098-REB-MJW, 2007 WL 2936312, at *6 (D. Colo. Oct. 9, 2007).  Dr. Janssen's proposed testimony is highly probative of the reasonableness of Defendant's actions, and accordingly is clearly relevant to the case at hand.  Accordingly, the Court will not exclude his testimony.

## CONCLUSION

Based on the reasoning set forth more fully herein, Plaintiff's Motion to Bar Testimony of Defendant's Expert Witnesses Stephen A. Moe, M.D. and Lawrence Lesnak, D.O. and Michael Janssen, D.O. (Dkt. No. 158) is DENIED.

IT IS SO ORDERED this 22nd day of September, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge