IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number 06-cv-351-RJC-KLM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

As part of its timely expert witness disclosures, Defendant designated Greg Cairns, an attorney, to testify about insurance claims handling and industry standards of care. Plaintiff seeks to bar his testimony, claiming that his opinions far exceed the permissible limits on attorney expert witness opinion.

### STANDARD

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Courts must act as gatekeepers to ensure that all expert testimony admitted at trial is both relevant and reliable. Dodge v. Cotter Corp., 328 F.3d 1212, 1221 (10th Cir. 2003). The proponent of an expert bears the burden of demonstrating that the requisite admissibility

requirements are met by a preponderance of the evidence. Fed. R. Evid. 702 advisory committee's note.

This gatekeeping role necessitates a two-part inquiry. Norris v. Baxter Healthcare Corp., 397 F.3d 878, 883 (10th Cir. 2005). First, courts must "determine if the expert's proffered testimony . . . has 'a reliable basis in the knowledge and experience of his [or her] discipline.'" Id. at 883-84 (quoting Bitler v. A.O. Smith Corp., 391 F.3d 1114, 1120 (10th Cir. 2004). At this stage of the analysis, courts must conduct a preliminary inquiry into the expert's qualifications and the admissibility of the proffered evidence. Bitler, 391 F.3d at 1120. This entails an examination of "'whether the reasoning or methodology underlying the testimony is scientifically valid.'" Id. (quoting Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993). Second, courts must "inquire into whether proposed testimony is sufficiently 'relevant to the task at hand.'" Norris, 397 F.3d at 884 (quoting Daubert, 509 U.S. at 597) (footnote omitted). Here, courts examine whether the proposed testimony is logically related to a material issue and whether it would aid the trier of fact. Id. at n.2; Bitler, 391 F.3d at 1121.

To assess the reliability of proffered expert testimony, courts should consider, among other factors, "(1) whether the opinion at issue is susceptible to testing and has been subjected to such testing; (2) whether the opinion has been subjected to peer review; (3) whether there is a known or potential rate of error associated with the methodology used and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community." Dodge, 328 F.3d at 1222. Rather

than assessing the reliability of an expert's conclusions, courts should instead focus on the methodology and reasoning employed. Id.

## DISCUSSION

### A. The Expert Report

After a review of the relevant facts, Mr. Cairns states his opinion that Defendant acted reasonably in not initially authorizing Plaintiff's surgery for a number of reasons. Cervical surgery is a major operation, and according to the Colorado Medical Treatment Guidelines (CMTG), there are a number of substantial medical risks associated with the type of surgery recommended for Plaintiff. In addition, the request for surgery was made only two-and-a-half weeks after the accident occurred. According to Mr. Cairns, this timing is very unusual and "any adjuster with any insurance company would look very carefully at such a rapid request for cervical surgery." (Mr. Cairns' Expert Report at 6.)

When processing the claim for surgery, Ms. Martin, one of Defendant's adjusters, consulted with Defendant's medical director, Dr. Gaines, before determining whether the requested surgery was appropriate. According to Mr. Cairns, Dr. Gaines' opinion regarding the delay of surgery follows almost verbatim the recommendations of the CMTG, which included first attempting six weeks of non-surgical treatment. Mr. Cairns states that Dr. Gaines reasonably believed that Plaintiff's condition did not require immediate surgery under the general indications for surgery listed in the CMTG, and therefore Defendant acted appropriately in recommending conservative treatment for four to six weeks.

Mr. Cairns also provides specific criticism of the opinions of some of Plaintiff's expert witnesses, particularly Mark Anderson, a former insurance claim manager who intends to testify about industry standards and practices. Mr. Cairns disputes Mr. Anderson's classification of Defendant's decision to deny surgery as "dictation," an act prohibited by the Colorado Workers' Compensation Act. Further, Mr. Cairns disputes many of Mr. Anderson's statements that Defendant acted unreasonably in denying Plaintiff's original request for surgery. Mr. Cairns also expresses his opinion on the credibility of other witnesses.

## B. Plaintiff's Motion

Plaintiff contends that Mr. Cairns' testimony should be excluded because he is not permitted to provide legal opinions that will not be helpful to the jury. According to Plaintiff, Mr. Cairns' opinion that Defendant "did not act in bad faith, unreasonably or with knowledge or reckless disregard" impermissibly intrudes on the province of the jury and should not be admitted. Plaintiff also contends that Mr. Cairns should not be permitted to testify about the meaning of the term "dictation" as stated in the Colorado Workers' Compensation Act. Additionally, Plaintiff contends that Mr. Cairns offers further impermissible legal opinions in his criticism of Plaintiff's expert, Mr. Anderson. Finally, Plaintiff argues that some of Mr. Cairns' opinions indicate that he is unfamiliar with industry standards and therefore has not demonstrated the proper qualifications necessary to offer opinions in this case.

With respect to Mr. Cairns' qualifications, the Court initially notes that neither party has provided the Court with a copy of his resume.[*] However, Plaintiff attached a portion of his deposition testimony indicating that Mr. Cairns has practiced law for twenty-five years and has handled approximately 3,000 workers' compensation claims, representing employers, insurance companies, and third-party administrators, among other entities. Defendant states in its response that Mr. Cairns has written a number of articles on the handling of workers' compensation claims and has also lectured on the subject.

Plaintiff's only challenge to Mr. Cairns' qualifications arose in the context of his analysis of a statement made by Mr. Anderson, Plaintiff's expert witness. Mr. Anderson stated that "[i]nsurance policies are provided to the public with the intent of maximizing the payment of benefits to an insured." In response, Mr. Cairns stated that "[t]his statement is incorrect and not based on any legal authority, contractual language, or even common sense." (See Mr. Cairns' Expert Report, at 15.) Plaintiff then contends that this statement indicates a lack of familiarity with industry standards.

Based on the limited challenge made to Mr. Cairns' qualifications, the Court finds that Defendant has demonstrated that he is in fact qualified by his training and experience to render an opinion about Defendant's actions. His years of experience handling workers'

---

[*] In Defendant's response, it cites to portions of Mr. Cairns' resume, which it claims is attached as Exhibit A. The only exhibits attached to the response appear to be two expert reports, one written by Plaintiff's expert, Mr. Anderson, and one written by Defendant's expert, Dr. Janssen.

compensation cases indicates that he is sufficiently knowledgeable about the law to render the opinions contained in his expert report.

The Federal Rules of Evidence provide that "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a). Although testimony on ultimate issues of fact is permitted, "testimony on ultimate questions of law is not favored." Specht v. Jensen, 853 F.2d 805, 808 (10th Cir. 1988). The reason for this distinction is that "testimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case." Id.

> This rule is not, however, a per se bar on any expert testimony which happens to touch on the law; an expert may be "called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." Expert testimony on legal issues crosses the line between the permissible and impermissible when it "attempt[s] to define the legal parameters within which the jury *must* exercise its fact-finding function."

Smith v. Ingersoll-Rand Co., 214 F.3d 1235, 1246 (10th Cir. 2000) (citations omitted).

It is therefore clear that Mr. Cairns may not instruct the jury on what particular legal rules apply to the case at hand, nor may he attempt to apply the facts of this case to the pertinent legal standards. In addition, neither Mr. Cairns nor any other witness will be permitted to define the term "dictation" as used in the Colorado Workers' Compensation Act or attempt to apply that standard to Defendant's conduct in the present case. However, whether Defendant acted reasonably in denying Plaintiff's initial request for surgery is a

question of fact for the jury to decide. Accordingly, Mr. Cairns may properly testify about whether Defendant's actions, based upon his experience and the facts of this case, were reasonable.

Plaintiff also argues that Mr. Cairns states numerous medical opinions throughout his report, despite the fact that he is not qualified to do so. According to Plaintiff, Mr. Cairns should not be permitted to testify about whether Defendant followed the CMTG, as it calls for a medical opinion. Additionally, Plaintiff disputes the propriety of permitting Mr. Cairns to opine on the medical findings and credibility of Plaintiff's witness, Dr. Machanic, as well as the credibility of Defendant's expert, Dr. Janssen.

Both parties agree that Mr. Cairns is not qualified to offer medical opinions in this case. However, whether or not Defendant followed the CMTG does not call for a medical opinion. Instead, it is based upon the medical opinions provided by Defendant's medical experts. While Mr. Cairns may not instruct the jury on the proper standards to be followed by medical providers, he may explain his view of Defendant's conduct based upon his familiarity with industry practices. Therefore, the Court will permit him to express the opinion that Defendant's conduct was reasonable because it followed the provisions of the CMTG.

Finally, Mr. Cairns will not be permitted to express an opinion on the credibility of witnesses for either side. It is well-established that "expert testimony which does nothing but vouch for the credibility of another witness encroaches upon the jury's vital and exclusive function to make credibility determinations, and therefore does not 'assist the trier

of fact' as required by Rule 702." United States v. Charley, 189 F.3d 1251, 1267 (10th Cir. 1999).  Accordingly, the Court will not permit Mr. Cairns to offer an opinion concerning the credibility of any other witness.

## CONCLUSION

Accordingly, Plaintiff's Motion to Bar Testimony of Defendant's Expert Witness Greg Cairns, Esq. (Dkt. No. 157) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 23rd day of September, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge