IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number 06-cv-351-RJC-KLM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

Plaintiff filed a Motion in Limine requesting that the Court exclude any evidence or testimony concerning the 1998 Florida convictions of Plaintiff's wife, Ms. Wright. According to Rule 609 of the Federal Rules of Evidence, "evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year." Fed. R. Evid. 609(a)(1). The rule further provides, however, that such evidence

> is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b).

According to the court documents submitted by Plaintiff, Ms. Wright pleaded guilty to two counts of trespass, one count of petit theft, one count of dealing in stolen property, and one count of grand theft on August 12, 1998. At least one of those counts was considered

a felony offense. As part of her sentence, Ms. Wright was sentenced to six months in the county jail and probation for five years. On August 8, 2000, a warrant was issued for Ms. Wright, claiming that she had violated the conditions of her probation by failing to pay costs of supervision, court costs, public defender fees, and for failing to report a change in residence. In September 2007, Ms. Wright returned to Florida to turn herself in and to complete the conditions of her probation. As a result, Ms. Wright's probation was revoked on October 8, 2007, and she was sentenced to six months of Community Control, which required her to remain confined to her approved residence except for the time spent at work or completing court-ordered community service.

Plaintiff argues that the 1998 convictions should not be admitted at trial because more than ten years have passed since the date of conviction or Ms. Wright's release from confinement. Defendant argues, however, that Ms. Wright's revocation of probation constitutes a new conviction. The Court finds this argument unavailing. Ms. Wright did not commit a new offense and was not convicted for having done so. She simply failed to abide by the conditions of her probation, which clearly does not constitute a new conviction.

As a sanction, Ms. Wright was ordered to complete six months of Community Control which, according to the documents submitted by Plaintiff, appears to be a form of house arrest. Neither party has offered any argument with respect to whether house arrest is the type of confinement contemplated by Rule 609(b), and the Court has located no case law to indicate the proper solution. The plain language of Rule 609(b) appears to contemplate formal imprisonment in a jail or prison and, absent case law to the contrary, the Court is

constrained to narrowly interpret the language of the Rule. Accordingly, the ten-year bar of Rule 609(b) applies to preclude the use of Ms. Wright's 1998 convictions for impeachment purposes.

Defendant also argues that the convictions are a proper subject of cross-examination on the issue of Plaintiff's alleged damages. According to Defendant, two of Plaintiff's experts intend to testify that Defendant's claims handling practices precluded Plaintiff from engaging in any gainful employment. To rebut these contentions, Defendant intends to introduce evidence that Plaintiff's employer procured alternative employment for Plaintiff with the Salvation Army in Georgia in November 2007. However, Plaintiff's counsel informed Defendant that Plaintiff was forced to relocate to Fort Myers, Florida, in October 2007 because he could no longer afford his home in Georgia. Defendant contends that Plaintiff's move was in reality a result of Ms. Wright's September arrest in Florida. Therefore, if Plaintiff presents evidence or testimony that he was or currently is unable to engage in gainful employment as a result of Defendant's actions, or that Defendant's actions somehow compelled him to leave his home in Georgia and move to Florida, then Defendant argues that it should be permitted to introduce evidence concerning the fact and timing of Ms. Wright's arrest and conviction, as well as her 2007 residential confinement in Florida.

The Court is persuaded that Defendant should be permitted to rebut Plaintiff's contentions, but the details of Ms. Wright's 1998 convictions are not necessary to accomplish that purpose. Instead, the probative value of such evidence is substantially outweighed by the risk of unfair prejudice, and it will therefore be excluded under the balancing test of Rule

403.  However, should Plaintiff or any of his witnesses testify in the manner suspected by Defendant, the Court will permit Defendant to rebut such contentions with evidence indicating the reason it believes Plaintiff did not accept the proffered alternative employment and instead relocated to Florida in 2007.  This ruling is of course dependent upon the actual presentation of evidence at trial.

Plaintiff's Motion in Limine Re Criminal Convictions of Plaintiff's Wife (Dkt. No. 159) is GRANTED IN PART and DENIED IN PART.  The disputed evidence may be admitted for the appropriate purposes as set forth in this order, but only after permission is sought and granted, outside the hearing of the jury.

IT IS SO ORDERED this 30th day of September, 2009.

ROBIN J. CAUTHRON
United States District Judge