IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

JAMES WRIGHT,                              )
                                           )
            Plaintiff,                     )
                                           )
vs.                                        )   Case Number 06-cv-351-RJC-KLM
                                           )
LIBERTY MUTUAL FIRE INSURANCE  )
CO.,                                       )
                                           )
            Defendant.                     )

## MEMORANDUM OPINION AND ORDER

Plaintiff retained Dr. Bennett Machanic, a Board Certified Neurologist, to testify

about the nature and extent of Plaintiff's permanent nerve damage caused by a four-

month delay in surgery.  Defendant argues that Dr. Machanic is not qualified to offer an

opinion concerning Plaintiff's need for surgery.  Defendant further contends that Dr.

Machanic's causation testimony is unreliable because it is unsupported by any scientific

evidence and is instead based solely on Dr. Machanic's own clinical experience.

### STANDARD

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the
> trier of fact to understand the evidence or to determine a fact in issue, a witness
> qualified as an expert by knowledge, skill, experience, training, or education,
> may testify thereto in the form of an opinion or otherwise, if (1) the testimony
> is based upon sufficient facts or data, (2) the testimony is the product of
> reliable principles and methods, and (3) the witness has applied the principles
> and methods reliably to the facts of the case.

Courts must act as gatekeepers to ensure that all expert testimony admitted at trial is both

relevant and reliable.  Dodge v. Cotter Corp., 328 F.3d 1212, 1221 (10th Cir. 2003).  The

proponent of an expert bears the burden of demonstrating that the requisite admissibility

requirements are met by a preponderance of the evidence.  Fed. R. Evid. 702 advisory

committee's note.

This gatekeeping role necessitates a two-part inquiry.  Norris v. Baxter Healthcare

Corp., 397 F.3d 878, 883 (10th Cir. 2005).  First, courts must "determine if the expert's

proffered testimony . . . has 'a reliable basis in the knowledge and experience of his [or her]

discipline.'"  Id. at 883-84 (quoting Bitler v. A.O. Smith Corp., 391 F.3d 1114, 1120 (10th

Cir. 2004)).  At this stage of the analysis, courts must conduct a preliminary inquiry into the

expert's qualifications and the admissibility of the proffered evidence.  Bitler, 391 F.3d at

1120.  This entails an examination of "'whether the reasoning or methodology underlying

the testimony is scientifically valid.'"  Id. (quoting Daubert v. Merrell Dow Pharms., Inc.,

509 U.S. 579, 592-93 (1993)).  Second, courts must "inquire into whether proposed

testimony is sufficiently 'relevant to the task at hand.'"  Norris, 397 F.3d at 884 (quoting

Daubert, 509 U.S. at 597) (footnote omitted).  Here courts examine whether the proposed

testimony is logically related to a material issue and whether it would aid the trier of fact.

Id. at n.2; Bitler, 391 F.3d at 1121.

To assess the reliability of proffered expert testimony, courts should consider, among

other factors, "(1) whether the opinion at issue is susceptible to testing and has been

subjected to such testing; (2) whether the opinion has been subjected to peer review;

(3) whether there is a known or potential rate of error associated with the methodology used

and whether there are standards controlling the technique's operation; and (4) whether the theory has been accepted in the scientific community." Dodge, 328 F.3d at 1222.  Rather than assessing the reliability of an expert's conclusions, courts should instead focus on the methodology and reasoning employed.  Id.

## DISCUSSION

### A.  Dr. Machanic's Qualifications

Defendant first asserts that Dr. Machanic, who lacks any orthopedic or surgical training or experience, is unqualified to offer an opinion regarding Plaintiff's need for surgery. Defendant relies primarily upon Alexander v. Smith & Nephew, P.L.C., 98 F. Supp. 2d 1299 (N.D. Okla. 2000).  There, the court held that a medical doctor with board certification in family medicine and with no experience or training in "orthopedics, spinal surgery, spinal fusion with implementation, neurology" was unqualified to testify about the effects of the plaintiff's implanted spinal device or the cause of her pain.  Id. at 1304-05.

District courts have broad discretion to determine the admissibility of expert testimony.  Taylor v. Cooper Tires & Rubber Co., 130 F.3d 1395, 1397 (10th Cir. 1997). The Court finds that Dr. Machanic is qualified to testify about whether the initial surgery recommended by Dr. Murphy was necessary and whether its delay contributed to Plaintiff's later medical problems.  Dr. Machanic has been a board certified neurologist since 1976.  He completed a three-year residency in neurology and is a member of a number of neurology-related academic societies.  Although Dr. Machanic is not a surgeon, he is amply qualified to testify about the effect of Plaintiff's condition on his cervical nerves and whether this

condition necessitated surgical intervention, as well as the neurological effect of delaying

surgery.  The Court finds that Dr. Machanic's testimony will assist the jury to understand the

evidence and to determine material facts, and he is therefore qualified to testify on the topics

set forth in his expert reports.

**B.  Dr. Machanic's Methodology**

Defendant next objects that Dr. Machanic's testimony that the delay in surgery caused

Plaintiff's condition to worsen is not reliable because it lacks scientific or other empirical

support.  The Court initially notes that nowhere in Dr. Machanic's numerous reports nor in

his deposition testimony does he cite any medical treatise or other document to establish

what types of problems a delay in surgery can potentially cause.  During his testimony, Dr.

Machanic stated that there is no way for him to determine precisely what Plaintiff's

neurological condition was in January 2004 when Dr. Murphy initially recommended the

surgery because no one performed the type of neurological exam necessary to ascertain such

information. (See Dr. Machanic's Dep., Dkt. No. 145, Ex. 10 at 66:20-66:25.)  Dr. Machanic

further states that he does not believe Plaintiff would have experienced some of the same

problems post-surgery had the procedure been performed earlier, but Dr. Machanic offers no

medical reason for why he believes this to be the case.  (Id. at 69:2-69:23.)

The Court finds that Dr. Machanic's methodology is not sufficiently reliable to permit

him to testify that Plaintiff's delay in surgery caused further problems.  Dr. Machanic

provides no scientific support for his conclusion, which is instead nothing more than

speculation.  It is well recognized that "nothing in either Daubert or the Federal Rules of

4

Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997). Accordingly, Dr. Machanic will not be permitted to testify that the delay in surgery caused Plaintiff's condition to worsen.

However, the Court finds that Dr. Machanic's reasoning with respect to the remaining opinions in his reports and deposition testimony is scientifically valid and therefore reliable. Dr. Machanic will therefore be permitted to testify about his opinions concerning Plaintiff's need for surgery in 2004 and whether it was reasonable to postpone that surgery. In addition, Dr. Machanic may testify about his own observations and findings arising out of his physical examinations of Plaintiff.

Accordingly, Defendant's Motion to Preclude Testimony of Plaintiff's Expert Witness, Dr. Bennett Machanic (Dkt. No. 137) is GRANTED IN PART and DENIED IN PART. Dr. Machanic will not be permitted to testify about the problems that he believes were caused by the delay in surgery. However, he will be permitted to testify about the remaining opinions expressed in his reports and deposition testimony.

IT IS SO ORDERED this 8th day of October, 2009.

ROBIN J. CAUTHRON
United States District Judge