IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number 06-cv-351-RJC-KLM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE | ) |
| CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant filed the present Motion in Limine requesting that the Court prohibit the introduction during trial of three categories of evidence: (1) Plaintiff's supplemental expert witness reports; (2) evidence concerning the handling or non-payment of benefits to which Plaintiff has not been determined to be entitled; and (3) evidence concerning other bad faith claims asserted against Defendant.

### A. Plaintiff's Supplemental Expert Disclosures

Defendant contends that the Court should exclude any testimony about the expert opinions endorsed in Plaintiff's supplemental reports filed after the disclosure deadline. According to Defendant, Plaintiff's deadline for disclosing his expert witness reports was November 1, 2006. From November 9, 2006, to September 26, 2008, Plaintiff has supplemented his initial disclosures seven different times, providing a number of new or modified expert reports. Defendant argues that this is not the type of activity contemplated by Rule 26(e), which imposes an ongoing duty to supplement disclosures. Because the

supplemental reports provided by Plaintiff endorse new and additional opinions not previously provided, Defendant urges that the Court prohibit their use during trial.

In his response, Plaintiff details the progression of both his workers' compensation case and his bad faith claim. According to Plaintiff, his numerous doctor visits, many occurring after the deadline for his expert witness disclosures, were necessary in the context of his workers' compensation action. Plaintiff, believing that Defendant objected in large part to Dr. Machanic's supplemental reports, asserts that Dr. Machanic has continually documented the same problems and has not provided subsequent opinions that are substantially different than those contained in his earlier reports.

The Federal Rules of Civil Procedure impose an ongoing duty to supplement any discovery responses and disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties." Fed. R. Civ. P. 26(e)(1)(A). The Rule further provides that, with respect to expert reports, "the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Rule 26(e)(2). Unless otherwise directed by the Court, a party's Rule 26(a)(3) disclosures are due "at least 30 days before trial." Id. at (a)(3)(B).

Although Defendant argues at length that Rule 26(e) is limited to after-acquired information, the Court finds this argument unpersuasive. All of the cases upon which

Defendant relies were decided before the 2007 amendments to the Federal Rules of Civil Procedure. According to the accompanying Advisory Committee Notes, the old version of Rule 26

> stated the duty to supplement or correct a disclosure or discovery response "to include information thereafter acquired." This apparent limit is not reflected in practice; parties recognize the duty to supplement or correct by providing information that was not originally provided although it was available at the time of the initial disclosure or response. These words are deleted to reflect the actual meaning of the present rule.

Fed. R. Civ. P. 26 advisory committee's note. It is therefore apparent that the duty to supplement an expert's report arises even when the opinions are based upon evidence already in the party's possession. The only time limit set forth in the rules regarding additions or changes to expert witness testimony is that such information must be disclosed by the time of the party's pretrial disclosures. Here, Plaintiff's final supplemental report was disclosed on September 26, 2008. Because the trial date has been further delayed, designations of deposition testimony, part of the parties' pretrial disclosures, were not due until September 23, 2009. The Court finds, therefore, that Plaintiff's supplemental expert reports do not violate the plain language of Rule 26(e).

Even if Plaintiff failed to properly disclose the evidence contained in his experts' supplemental reports, the Court finds such failure harmless. As previously noted, the trial date in this case has been repeatedly postponed. Trial is currently set to begin on November 2, 2009. Plaintiff's final supplemental disclosure was provided over a year before the first day of trial, giving Defendant plenty of time to request further depositions of Plaintiff's

experts or to file supplemental expert reports of its own. Defendant did in fact disclose a supplemental expert report written by Dr. Moe on October 23, 2008. The Court has previously ruled that Dr. Moe will be permitted to testify about the information and opinions contained in his supplemental report. In addition, Plaintiff's initial expert disclosures put Defendant on notice that Dr. Machanic planned to testify that "the delays in treatment as a result of the Defendant's conduct herein worsened Mr. Wright's condition, resulting in irreversible neurological injuries." (See Dkt. No. 136, Ex. 1.) None of the supplemental reports filed by Plaintiff appear to alter his theory of the case or introduce entirely new topics. Instead, they simply expand on topics already mentioned in the original endorsement, and the Tenth Circuit has found that such supplementation does not constitute an abuse of discretion. See Glidden v. Schwartz, No. 93-1084, 1994 WL 396023, at *3-4 (10th Cir. July 25, 1994). Accordingly, the Court finds that Defendant is not prejudiced by the belated disclosure of Plaintiff's experts' supplemental reports and they will not be excluded.

## B.  Evidence Regarding Defendant's Handling of Benefits

Defendant contends that the Court should exclude any evidence about the handling or non-payment of claims to which Plaintiff has not been found to be entitled. Defendant first bases this argument on the assertion that, should the Court permit such evidence, there is a risk that the Court's ruling will be inconsistent with any later determinations made in Plaintiff's workers' compensation case. The Court finds this argument unavailing. It has long been recognized that recovery for an insurer's bad faith handling of a workers' compensation case is distinct from the actual benefits awarded for the claimant's injury. See

Brodeur v. Am. Home Assurance Co., 169 P.3d 139, 147 (Colo. 2007) (noting that "bad faith tort claims are distinct and separate actions available to workers' compensation claimants in addition to remedies under the Workers' Compensation Act."). Should the jury in this case find Defendant guilty of bad faith and award Plaintiff damages, the award will not represent the benefits to which Plaintiff may or may not be entitled, but instead would compensate him for the injuries suffered as a result of Defendant's tortious conduct. Additionally, the Colorado Supreme Court has noted that "bad faith is not limited to a decision to deny a claim; rather, bad faith can occur in the unreasonable refusal to investigate a claim or to gather facts." Id. at n.7. Therefore, the evidence that Plaintiff may present at trial is not limited by, and in fact has no relation to, whether or not he was ever found entitled to certain benefits in his workers' compensation claim.

Next, Defendant argues that the doctrine of primary jurisdiction bars the introduction of such evidence. According to the case law cited by Defendant, this doctrine "allows for judicial deference to an agency where such deference is necessary to promote uniformity and take advantage of the special expertise of that agency." Trans Shuttle, Inc. v. Pub. Utils.Comm'n of the State of Colo., 89 P.3d 398, 404 (Colo. 2004). In determining when to apply this doctrine, courts are instructed to consider the following factors: "whether the controversy involves complex 'technical questions of fact uniquely within an agency's expertise and experience,' whether 'uniformity and consistency require administrative discretion,' whether 'the agency determination would materially aid the court,' and whether deference would prevent the prompt resolution of the case." Id. (internal citations omitted).

All of these factors counsel against the application of this doctrine in the present instance. As previously noted, the determination of whether an insurer is liable for bad faith breach of an insurance contract is an inquiry completely separate from that of whether workers' compensation benefits should be awarded. Any rulings made in Plaintiff's workers' compensation proceeding will not have any impact on his claim for bad faith breach of an insurance contract, and accordingly the Court is not persuaded that application of the doctrine of primary jurisdiction is appropriate in this context.

Finally, Defendant asserts that Rule 403 of the Federal Rules of Evidence counsels against the admission of such evidence. That rule provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. According to Defendant, introduction of such evidence at trial would confuse the issues because the Court cannot enter a judgment with respect to benefits to which Plaintiff claims he is entitled. Additionally, such evidence would unnecessarily lengthen the trial and would unfairly prejudice Defendant.

The Court finds Defendant's arguments unpersuasive. As noted previously, any recovery awarded to Plaintiff for his bad faith claim will not be compensation for benefits to which he is entitled. Instead, it would represent a separate recovery for the separate injury incurred by Defendant's bad faith breach of contract. The risk of confusing the jury therefore appears minimal. The Court further finds that the probative value of such evidence is high.

As previously noted, "bad faith is not limited to a decision to deny a claim; rather, bad faith can occur in the unreasonable refusal to investigate a claim or to gather facts." Brodeur, 169 P.3d at 147 n.7. Accordingly, even if Plaintiff were not found to be entitled to any benefits, he could still maintain a bad faith action for the improper handling of his claim for benefits. While such evidence may prejudice Defendant, "'[e]vidence is not unfairly prejudicial simply because it is damaging to an opponent's case.'" United States v. Caraway, 534 F.3d 1290, 1301 (10th Cir. 2008) (quoting United States v. Curtis, 344 F.3d 1057, 1067 (10th Cir. 2003)). Defendant's request for exclusion of such evidence will therefore be denied.

## C. Evidence of Other Claims

Defendant contends that such evidence should be excluded under Rule 404(b) of the Federal Rules of Evidence. Additionally, Defendant argues that such evidence is irrelevant to Plaintiff's claims. In his response, Plaintiff agrees that the details of other instances in which Defendant has been sued for bad faith handling of insurance claims would unnecessarily lengthen trial. However, Plaintiff argues that Defendant's knowledge of such prior suits should be admissible to show that Defendant was on notice of an existing problem with respect to its policies and procedures, as well as whether Defendant has made any effort to correct past deficiencies.

Rule 404(b) provides that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." It is clear, therefore, that Plaintiff may not use evidence relating to similar suits brought against Defendant in order to prove that Defendant is guilty of similar conduct in this

instance. The Rule further provides, however, that such evidence "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.  Here, Plaintiff contends that the disputed evidence should be admissible to show that Defendant was on notice about problems with its claims handling practices.

While Plaintiff is correct that such evidence may tend to show that Defendant was on notice that its claims handling practices were flawed, Plaintiff must still clear the hurdle of relevance. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.  Under Colorado law, in order for Plaintiff to prevail on his claim for bad faith breach of an insurance contract, he must show that Defendant acted unreasonably and that Defendant knew or recklessly disregarded the fact that its conduct was unreasonable. Travelers Ins. Co. v. Savio, 706 P.2d 1258, 1276 (Colo. 1985).  The fact that other lawsuits may have determined that Defendant's claims handling practices were unreasonable is not relevant to the question of whether Defendant acted reasonably in denying Plaintiff's request for surgery because each situation is so fact-specific. Defendant's unreasonable denial of one claim, if proven, would not tend to show that Defendant acted unreasonably in denying another completely unrelated claim.  In addition, the Court finds that the probative value of such evidence, if any, would be substantially outweighed by considerations of undue delay and waste of time. Accordingly, such evidence will not be admitted at trial.

## CONCLUSION

Accordingly, Defendant's Motion in Limine (Dkt. No. 136) is GRANTED IN PART and DENIED IN PART. To the extent that the evidence presented at trial differs from that recited in the parties' briefs, the Court's ruling may be reconsidered.

IT IS SO ORDERED this 13th day of October, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge