IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number 06-cv-351-RJC-KLM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Defendant filed the present motion requesting that the Court exclude the deposition testimony of Charles Wahl, which was taken in connection with an Arizona case involving a different plaintiff. (See Houle v. Liberty Mutual Insurance Co., Superior Court, State of Arizona, Maricopa County, No. CV 2004-003452.) During his deposition, Mr. Wahl testified at length about a number of documents collectively referred to as the "McKinsey documents." These documents and the resulting testimony, according to Plaintiff, indicate the existence of a corporate scheme to reduce the payment of insurance benefits based solely on arbitrarily-assigned profit targets. Defendant contends that Mr. Wahl's deposition testimony is irrelevant and, in the alternative, should be excluded under Fed. R. Evid. 403.[*]

---

[*] Defendant also argues that Mr. Wahl's deposition is barred by the law of the case doctrine since the McKinsey documents were found irrelevant by three separate judges in this case on three separate occasions. Because the Court finds that the disputed testimony is irrelevant and inadmissible pursuant to Rule 403, the Court declines to address this issue.

The proponent of evidence bears the burden of demonstrating its admissibility. See U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd., ___ F.3d ___, Nos. 07-1432, 07-1435, 2009 WL 2915069, at *15 (10th Cir. Aug. 26, 2009). Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Federal Rules further provide that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Under Colorado law, in order for Plaintiff to prevail on his claim for bad faith breach of an insurance contract, he must show that Defendant acted unreasonably and that Defendant knew or recklessly disregarded the fact that its conduct was unreasonable. Travelers Ins. Co. v. Savio, 706 P.2d 1258, 1276 (Colo. 1985). The Court is not convinced that Plaintiff has met his burden of establishing the relevance of Mr. Wahl's deposition testimony. It is questionable whether Mr. Wahl's statements concerning the insurance industry's efforts to reduce the payment of claims in order to increase companies' revenues makes it more or less probable that Defendant, in handling Plaintiff's specific claims, acted unreasonably and knew or recklessly disregarded the fact that its conduct was unreasonable. Each claim for benefits presents a unique factual situation, and the Court is not convinced

that Defendant's company-wide effort to reduce the payment of benefits, if proven, would tend to show that Defendant acted unreasonably in denying Plaintiff's claim.

Further, the Court finds that the probative value of such evidence, if any, is substantially outweighed by considerations of confusion of the issues, misleading the jury, waste of time, and needless presentation of cumulative evidence.  If Mr. Wahl's deposition testimony is admitted, it would open the door to inquiry concerning these so-called "McKinsey documents," which were apparently created approximately ten years before Plaintiff ever submitted a claim to Defendant.  This would severely lengthen the presentation of evidence at trial and would result in a significant risk of confusing the jury with matters not closely related to the specific facts surrounding Plaintiff's claim for benefits.  In addition, admitting Mr. Wahl's testimony would result in the presentation of cumulative evidence, since Plaintiff asserts that Randall Moody, Defendant's Rule 30(b)(6) deponent in the present case, confirmed a number of the statements made by Mr. Wahl during his deposition.

Accordingly, Defendant's Motion to Preclude Deposition Testimony of Charles Wahl Taken in an Unrelated Matter (Dkt. No. 207) is GRANTED.

IT IS SO ORDERED this 29th day of October, 2009.

_____
ROBIN J. CAUTHRON
United States District Judge