IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number 06-cv-351-RJC-KLM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Defendant filed the present motion requesting that the Court preclude the admission of Dr. Craig Fredericks' deposition testimony which was taken in the course of the underlying workers' compensation claim. According to Defendant, Dr. Fredericks was deposed on August 13, 2007, nearly two months after the discovery deadline in this case. The purpose of this deposition was for Defendant to question Dr. Fredericks about issues related to Plaintiff's workers' compensation claim, such as the possible cause of his headaches, whether his pain complaints were supported by objective criteria, and his ability to continue working. Plaintiff's attorney, however, cross-examined Dr. Fredericks extensively about the effect that the delay in surgery had on Plaintiff's condition. Because the issues in the underlying workers' compensation case are not the same as those in the present case, Defendant contends that Dr. Fredericks' deposition testimony should be excluded. Defendant also argues that Dr. Fredericks' testimony should be excluded under the requirements of <u>Daubert</u> for the same reasons that the Court excluded the causation testimony of Dr. Machanic. However, this argument is first raised in Defendant's reply brief,

and the Court therefore will not consider it.  See Starkey ex rel. A.B. v. Boulder County Soc. Servs., 569 F.3d 1244, 1259 (10th Cir. 2009).

It has long been recognized that "testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness be unavailable to testify in person."  Salsman v. Witt, 466 F.2d 76, 79 (10th Cir. 1972).  To that end, Rule 804(b)(1) of the Federal Rules of Evidence provides:

> Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

It is clear that Defendant had an opportunity to question Dr. Fredericks on both direct and redirect examination, so the only issue is whether Defendant also had a similar motive to develop his testimony.  "Because similar motive does not mean identical motive, this inquiry is inherently factual, depending in part on the similarity of the underlying issues and on the context of the questioning."  United States v. Miles, 290 F.3d 1341, 1353 (11th Cir. 2002).

The Court initially notes that Defendant was not represented by the same counsel in the workers' compensation case as it is in the present case.  By the time Dr. Fredericks was deposed, the discovery deadline in the present case had already passed.  There was no reason for Defendant's counsel to anticipate that Plaintiff would question Dr. Fredericks about topics solely related to the bad faith claim, and accordingly there was no reason for Defendant to have in its possession each and every document about which it would wish to

question Dr. Fredericks concerning the effect of the delay in surgery. In essence, it appears that Plaintiff was attempting to take a deposition without permission after the discovery deadline, something that this Court will not condone. There was no similar motive and opportunity for Defendant to question Dr. Fredericks during his deposition, and therefore it will not be admitted.

Accordingly, Defendant's Motion to Preclude Plaintiff's Introduction of the Workers' Compensation Deposition Testimony of Dr. Craig Fredericks (Dkt. No. 203) is GRANTED.

IT IS SO ORDERED this 30th day of October, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge