IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number 06-cv-351-RJC-KLM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE | ) |
| CO., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present motion requesting that the Court prohibit Defendant from re-litigating matters that were either determined by Administrative Law Judges (ALJ) in the context of Plaintiff's underlying workers' compensation action or for which Defendant admitted liability. According to Plaintiff, the following issues may not be re-litigated: (1) Defendant's general admission of liability dated January 28, 2004; (2) ALJ Order dated November 22, 2006, finding that Plaintiff was not at maximum medical improvement (MMI), ordering reasonable and necessary medical benefits, and finding that Defendant's calculation of Plaintiff's wage benefits was incorrect; (3) ALJ Order dated March 21, 2007, denying Defendant's motions to compel Plaintiff to attend an independent neuropsychological examination with Kevin Reilly, Ph.D.; (4) ALJ Order dated March 25, 2009, finding that Defendant was obligated to continue to pay temporary total disability benefits until a final order was entered on issues of MMI and permanent impairment benefit; (5) ALJ Order dated September 15, 2009, resolving issues of fact regarding Plaintiff's permanent impairment from his work injuries; (6) Defendant's final admission dated September 17, 2009; and

(7) Defendant's voluntary agreement to pay for a Tempur Pedic bed as prescribed by Dr. Fredericks.

Claim preclusion requires that there be an identity of claims for relief in both proceedings. McLane Western, Inc. v. Dep't of Revenue, 199 P.3d 752, 757 (Colo. App. 2008). Colorado courts are clear that

> In analyzing whether there is an identity of claims for relief, we do not focus our inquiry on the specific claim asserted or the name given to the claim. Instead, the "same claim or cause of action requirement is bounded by the injury for which relief is demanded, and not by the legal theory on which the person asserting the claim relies."

Holnam, Inc. v. Indus. Claim Appeals Office, 159 P.3d 795, 798 (Colo. App. 2006) (citations omitted). In the present case, Plaintiff's claim is for bad faith denial of benefits, while in the workers' compensation action, Plaintiff litigated his entitlement to benefits. These do not constitute the same cause of action, as they represent claims for different injuries. See Brodeur v. Am. Home Assurance Co., 169 P.3d 139, 147 (Colo. 2007) (noting that "bad faith tort claims are distinct and separate actions available to workers' compensation claimants in addition to remedies under the Workers' Compensation Act."). It is clear, therefore, that claim preclusion does not apply in this instance.

Under Colorado law,

> Issue preclusion applies when (1) the issue in the second proceeding is identical to an issue actually and necessarily adjudicated in a prior proceeding; (2) the party against whom estoppel is asserted was a party or in privity with a party in the prior proceeding; (3) there was a final judgment on the merits; and (4) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

McLane, 199 P.3d at 757. Issue preclusion applies to prior decisions of both administrative bodies as well as courts. Salida School Dist. R-32-J v. Morrison, 732 P.2d 1160, 1163 (Colo. 1987).

It is often recognized that an issue is not actually litigated it is a material allegation raised by one party and then admitted by the other. See United States v. Botefuhr, 309 F.3d 1263, 1282 (10th Cir. 2002). Where an admission or stipulation manifests an intention to be bound in subsequent litigation, however, issue preclusion may apply. Id. Here, Plaintiff seeks an order according preclusive effect to Defendant's 2004 general admission of liability, its 2009 final admission, and its agreement to pay for a Tempur Pedic bed as prescribed by Dr. Fredericks. Because these issues were either admitted by Defendant or agreed to by the parties and because there is no indication that Defendant intended to be bound in a subsequent action, Defendant is not precluded from re-litigating them in the present action.

Colorado law recognizes that in order for there to have been a full and fair opportunity to litigate an issue, "the availability of procedures in the earlier proceeding [must be] commensurate with those in the subsequent proceeding, [and] the party against whom collateral estoppel is asserted [must] have had the same incentive to vigorously defend itself in the previous action." Sunny Acres Villa, Inc. v. Cooper, 25 P.3d 44, 47 (Colo. 2001) (internal citation omitted). In addition, "[i]ssue preclusion . . . may be defeated by shifts in the burden of persuasion or by changes in the degree of persuasion required." 18 Charles Alan Wright, et al., Federal Practice and Procedure § 4422. Therefore, when a party fails to carry the burden of clear and convincing evidence on a particular issue, it is not precluded

from later attempting to prove the same issue by a lower standard. Id. In addition, differences in the availability of presumptions may render issue preclusion inapplicable if it changes the burden of persuasion. Id.

In the workers' compensation proceeding, it is clear that many of the administrative findings arose because Colorado law provides that determinations made by the DIME physician (in this case, Dr. Orgel) are binding on the parties unless overcome by clear and convincing evidence. This is a higher standard than that applied in the present case, and it is therefore clear that such an issue cannot be given preclusive effect. The fact that Defendant was unable to carry the burden of clear and convincing evidence on this particular issue does not preclude its attempt to carry the lesser burden applicable here. Therefore, Defendant is not precluded from re-litigating the determinations made by Dr. Orgel during the course of the workers' compensation proceeding.

However, preclusive effect should be given to those issues upon which Defendant had a full and fair opportunity to litigate and that were actually litigated by the parties. Therefore, Defendant is precluded from re-litigating the following issues: the November 22, 2006, determination of Plaintiff's average weekly wage; the determination that Defendant could not compel Plaintiff to attend a neuropsychological evaluation; and whether Plaintiff was entitled to temporary total disability (TTD) benefits until a final determination of MMI was made. None of the remaining issues described in Plaintiff's motion, however, will be given preclusive effect. The jury will not be instructed that the above listed facts must be

accepted as true, however, unless the Court determines that they are relevant to the issues in the case.

Accordingly, Plaintiff's Motion Re: Issue Preclusion Matters Decided by ALJ or Admission of Liberty Mutual (Dkt. No. 213) is GRANTED IN PART and DENIED IN PART.

IT IS SO ORDERED this 30th day of October, 2009.

ROBIN J. CAUTHRON
United States District Judge