IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case Number 06-cv-351-RJC-KLM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Defendant filed the present motion seeking to preclude any testimony or evidence during trial concerning Plaintiff's post-surgery medical condition or any damages that he attributes to his post-surgery medical condition. According to Defendant, juries in Colorado are not permitted to determine medical causation in the absence of qualified opinion testimony on the issue. As a result of the Court's Order prohibiting the causation testimony of Dr. Machanic, Defendant argues that the two remaining experts designated by Plaintiff to provide causation testimony employed similarly unreliable methodology. In addition, Defendant contends that Dr. Murphy never actually opined that Plaintiff suffered a worsening of his physical condition due to a delay in surgery. In the absence of qualified medical testimony regarding causation, the jury will be unable to decide whether the delay in surgery caused Plaintiff's condition to worsen, thereby rendering irrelevant any testimony concerning his post-surgery condition.

Under Colorado law, "expert testimony is required to establish the standard of care only if the standard is not within the 'common knowledge and experience of ordinary

persons.'"  Am. Family Mut. Ins. Co. v. Allen, 102 P.3d 333, 344 (Colo. 2004) (citation omitted).  While Plaintiff's claim here does not require the jury to specifically consider a standard of care, if Plaintiff intends to demonstrate that the delay in surgery caused his physical condition to worsen, expert testimony would be required to inform the jury about the potential medical causes of such a delay, as that information is not within the "common knowledge and experience of ordinary persons."

Here, Dr. Murphy testified that delaying Plaintiff's surgery could contribute to later complaints of pain and other symptoms.  (See Dep. 72:17-72:23.)  In response to a later question, Dr. Murphy listed a number of medical sources upon which he relied in forming that opinion.  (See id. at 162:12-162:17.)  Plaintiff therefore has expert testimony on the issue of causation to present to the jury.  As long as such testimony is admitted, there is no reason to exclude evidence regarding Plaintiff's post-surgery condition.  To the extent that anything in Defendant's motion attempts to challenge Dr. Murphy's testimony under the standards set forth in Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592-93 (1993), the Court finds that such a challenge is extremely untimely, given that the trial of this case is set to begin on the next business day.

Accordingly, Defendant's Motion to Preclude Evidence in Light of October 8, 2009 Order (Dkt. No. 232) is DENIED.

IT IS SO ORDERED this 30th day of October, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge