IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAMES WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case Number 06-cv-351-RJC-KLM |
| | ) |
| LIBERTY MUTUAL FIRE INSURANCE CO., | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

Plaintiff filed a motion seeking permission to supplement the final pretrial order submitted by both parties on October 23, 2009. Due to some discrepancies in what the parties believe to be the instances giving rise to Plaintiff's bad faith claim, Plaintiff wishes to supplement his statement of claims to specifically include allegations that Defendant committed bad faith when it underpaid wage benefits from January 2004 to January 2007 and when it unreasonably denied medical care recommended by the DIME examiner, Dr. Orgel. Defendant contends that it is too close to the start of trial to permit Plaintiff to amend his statement of claims and, even if the Court permitted such amendment, the jury would be unable to consider whether Defendant's conduct in pursuing certain legal arguments was reasonable, since that is an issue only the Court, not the jury, may decide.

Based on a thorough examination of the discovery responses submitted by Plaintiff, the Court finds that he did not adequately disclose his claim of underpayment of wage benefits. According to Plaintiff, Randall Moody, Defendant's Rule 30(b)(6) representative,

was questioned during his deposition concerning an insurance company's duty of good faith regarding determinations of average weekly wage. In addition, Plaintiff contends that his response to one of Defendant's motions in limine detailed Defendant's unreasonable delay and denial of benefits. The Court finds that such actions are not sufficient to put Defendant on notice that part of Plaintiff's bad faith claim related to an underpayment of Plaintiff's average weekly wage. Such supplementation will therefore not be permitted.

The Court finds, however, that Plaintiff's contention that Defendant unreasonably refused to authorize the medical treatment recommended by Dr. Orgel was properly disclosed as a basis for his claim throughout the discovery process. On August 22, 2006, Plaintiff sent Defendant supplemental answers to interrogatories that clearly detailed these allegations. Based on the documentation provided by the parties, it appears that Defendant disputed Dr. Orgel's recommendations in hearings and appeals throughout the workers' compensation proceeding, eventually authorizing them once ordered to do so. It is unnecessary for the Court to consider whether this is sufficient in light of both of the pretrial orders approved by the parties, however, because under Colorado law, the reasonableness of the commencement or maintenance of legal proceedings, or an appeal therefrom, is not an issue that may properly be decided by the jury. See Tozer v. Scott Wetzel Serv., Inc., 883 P.2d 496, 499 (Colo. App. 1994). Therefore, although properly disclosed during discovery, this issue should have been raised by the parties during summary judgment. It is simply too late for the Court to make this determination.

Accordingly, Plaintiff's Motion to Supplement Final Pretrial Order Re: Statement of Plaintiff's Claims (Dkt. No. 228) is DENIED.

IT IS SO ORDERED this 30th day of October, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge